

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717

**07 CV 7489**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                     Plaintiff,

    - v. -

LELAND R. HARDY,

                     Defendant.
-------------------------------------------------------------x

**JUDGE CASTEL**

VERIFIED COMPLAINT

07 Civ.

Plaintiff United States of America (the "United States"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief that:

1.    Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

2.    Defendant Leland R. Hardy (the "defendant") resides at 257 W. 137th Street, Apt. 4, New York, NY 10030, within the Southern District of New York.

### FIRST CAUSE OF ACTION

3.    Defendant applied for and received a student loan from the lender whose name is set out in the defendant's promissory note(s) evidencing the loan, copies of which are annexed hereto as Exhibit A and incorporated herein.

4.    Defendant defaulted on said note(s) and owes the amount said note(s) and interest.

5. The United States is the assignee and present holder of said note(s).

6. The amount due and owing plaintiff by defendant on said note(s) is $10,583.03, plus interest in the amount of $16,871.74, as of August 23, 2007, with interest accruing thereafter at the rate of 8 percent per annum. Certificates of Indebtedness from the United States Department of Education are annexed hereto as Exhibit B and incorporated herein.

## SECOND CAUSE OF ACTION

7. Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

8. Plaintiff insured the aforementioned note(s) pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

9. The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on said note(s), which claim has been paid by the United States to the lender.

10. Plaintiff is entitled to be indemnified by defendant in the amount of $27,454.77 as of August 23, 2007, with interest accruing thereafter at the rate of 8 percent per annum.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $27,454.77 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: New York, New York

      August 23, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff

By: _____
                              KATHLEEN A. ZEBROWSKI
                              Assistant United States Attorney
                              86 Chambers Street
                              New York, New York  10007
                              Telephone No.: (212) 637-2710

## VERIFICATION

STATE OF NEW YORK                )
COUNTY OF NEW YORK           : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

      KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, that she has read the foregoing complaint, and that the same is true and accurate to the best of her knowledge and belief.

                                                            _____
                                                            KATHLEEN A. ZEBROWSKI
                                                            Assistant United States Attorney

Sworn to before me this _____

day of _____

_____
NOTARY PUBLIC

EXHIBIT A

# PROMISSORY NOTE WITH DISCLOSURE

### *** REPLACEMENT NOTE ***
** THIS NOTE REPLACES ANY PREVIOUS NOTE BEARING FILE NO. 840704-77 **

BORROWER:

LELAND R. HARDY
3901 CONSHOHOCKEN AVE
PHILA, PA 19131

LENDER: 821600

GIRARD BANK
PO BOX 8888
RTE 202 & NAIMANS RD.
WILMINGTON, DE 19899

SEP 5 1984

BORROWER SS# : [REDACTED]
FILE NO. 840704-[REDACTED]

I, the undersigned (the borrower), for value received, promise to pay to the order of the Lender or to a subsequent holder of this Promissory Note all of the principal sum of: $ 5000
to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal law and regulations for the collection of these amounts.
I understand that the following terms apply to this loan:

### I. INSURANCE PREMIUM
I will pay to Lender the insurance premium as shown in the Amount Disbursed section of this Note on the date of disbursement of the loan proceeds as payment for PHEAA's promise to the Lender to guarantee this Note. This insurance premium is 1/2 percent times the principal amount of the disbursement multiplied by the number of years from the estimated date of disbursement to the end of the grace period. In case of multiple disbursements, I will pay to Lender the premium for each disbursement when made. Payment for the premium may be withheld from the principal amount of the disbursement by Lender. If I repay this loan in full so that at least two years worth of insurance premium remains unused, the unused insurance premium will be rebated to me by PHEAA by the prorata method. If the loan disbursement check is returned uncashed to Lender, the full insurance premium is refundable.

### II. ORIGINATION FEE
I will pay to Lender a fee, authorized by Federal law, equal to 5 percent of the loan amount. The Lender may deduct this fee from the proceeds of the loan. If the Lender disburses the loan in multiple installments, the Lender may deduct this fee in an amount equal to 5 percent of the principal amount of each disbursement. I am entitled to a rebate of the origination fee under the following rules. If I return the Lender's check uncashed, a full refund of the origination fee will be made. In the situation where the check is not returned, no rebate will be given on cancellations or prepayments. If the origination fee was deducted from the principal, refunds must be credited against the account.

### III. COLLECTION CHARGES
I agree to pay the following amounts if delinquent in making payments when due or if this Note is declared in default:
A. A late charge of $5.00 or 5 percent of the payment due, whichever is less, for any payment not received by Lender within 10 days after it is due, unless documentation is provided of eligibility to have the payment deferred as described under Section VII in this Note.
B. Reasonable collection costs incurred by Lender in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and the costs of telegrams and long-distance telephone calls.
C. Collection costs which do not exceed 25 percent of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

### IV. PREPAYMENT
I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

### V. GRACE PERIOD
Repayment of this loan will not be required until after the applicable grace period has expired. The grace period will not commence so long as I maintain continuous attendance at an approved school on a half-time basis. However, during this grace period I may request in writing that the repayment period begin earlier.
A. If I have obtained a loan on which the interest rate is more than 7 percent per annum, I am entitled to a grace period of 6 months. If I at any time cease at least half-time attendance at an approved school for 6 consecutive months, my grace period will be used.
B. If I have obtained a loan on which the interest rate is 7 percent, I am entitled to a grace period of not less than 9 months and not more than 12 months. If I at any time cease at least half-time attendance at an approved school for 9 to 12 consecutive months, my grace period will be used.
For the purpose of this Note, an approved school or program is one approved by the United States Secretary of Education for participation in the Guaranteed Student Loan Program (GSLP).

### VI. REPAYMENT
A. Commencement of Repayment. I agree that at least 120 days prior to the expiration of the grace period, as set forth above, I will contact the Lender to establish a repayment schedule. I agree to sign PHEAA Form 600R to evidence the particular terms and conditions of repayment agreed upon between me and the Lender. Should I fail to attend an approved school on at least a half-time basis for the enrollment period covered by this loan, the full amount of this Note shall be immediately due and payable to the legal holder of this Note.

LENDER COPY

---

### LOAN GUARANTY
A loan guaranty is approved as follows by the Pennsylvania Higher Education Assistance Agency (PHEAA) for the student referenced herein:
GUARANTY AMOUNT: $5000
GUARANTY DATE: 08/23/84

SCHOOL: UNIV OF PENNA — 010881
ENROLLMENT PERIOD: 05/21/84 TO 12/22/84

ACADEMIC GRADE LEVEL: 1ST YR GRADUATE
EXPECTED GRADUATION DATE: 05/86

ELIGIBLE FOR INTEREST SUBSIDY
NEW APPLICATION

** THIS IS A REPLACEMENT NOTE **

With PHEAA's approval herein contained and the Lender's making of this loan, the repayment thereof will be guaranteed by PHEAA in accordance with the terms of The Loan Guaranty Agreement between PHEAA and the Lender.

12-1-86      *Kenneth R. Reeher* (signature)      Kenneth R. Reeher
                                                  EXECUTIVE DIRECTOR

### AMOUNT DISBURSED

|  | First or Entire Disbursement | Second Disbursement | Third Disbursement | Totals |
|---|---|---|---|---|
| Estimated Date of Disbursement: | 9-3-84 | | | |
| Loan Amount | $5000.00 | $ | $ | |
| LESS: Insurance Premium | $56.11 | $ | $ | |
| LESS: Origination Fee | $250.00 | $ | $ | |
| EQUALS: Amount of Loan Check | $4693.89 | $ | $ | |

Interest Rate: 8.0 %

I HEREBY ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS NOTE, INCLUDING ALL THE DISCLOSURES AND THE BORROWER'S RIGHTS AND RESPONSIBILITIES; AND I HAVE RAISED ANY QUESTIONS IF NOT UNDERSTOOD.

*Leland R. Hardy* (SEAL)
SIGNATURE OF BORROWER

DATE: 8/31/84

STREET ADDRESS: 3901 Conshohocken Ave
CITY: Phila,   STATE: PA   ZIP CODE: 19131

1. If, during the grace period, I request in writing a repayment period shorter than 5 years, the Lender may grant me a shorter period. I may later choose to have the repayment period extended to 5 years.

2. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP or PLUS Program loans outstanding, we,—pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—GSLP and PLUS loans.

3. Any period described under Section VII in this Note or any period for which the Lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.

The terms for repayment set forth in this section are not applicable after this Note has been declared in default. Acceptance by Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of Lender's other rights as set forth in this Note.

## VII. DEFERMENT

Repayment of my loan will be deferred after the grace period expires or after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

A. While I am enrolled in—
1. Full-time study at a school approved for the GSLP (I must be a U.S. citizen or national to receive this deferment for study at a school located outside the U.S.);
2. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
3. A graduate fellowship program approved by the U.S. Secretary of Education; or
4. A rehabilitation training program for disabled individuals approved by the U.S. Secretary of Education.

B. For periods not exceeding 3 years for each of the following while I am—
1. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
2. Serving as a Peace Corps Volunteer;
3. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
4. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the U.S. Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs; or
5. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.

C. For a period not exceeding 2 years while I am serving in an internship that the U.S. Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.

D. For a single period not exceeding 1 year while I am conscientiously seeking but unable to find full-time employment in the U.S.

To be granted a deferment, I must provide the Lender with written evidence of my eligibility. I must subsequently notify the Lender as soon as the condition for which the deferment was granted no longer exists. The terms for deferment set forth in this section are not applicable after this Note has been declared in default.

## VIII. INTEREST

A. The U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period if it is determined that I qualify to have such payments made on my behalf under the Federal regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the Lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself by providing the Lender with a waiver of my right to have the Secretary pay the interest.

B. If it is determined that I do not qualify to have the Secretary pay the interest that accrues on this loan prior to the repayment period or if I choose to pay my own interest, Lender may deduct interest from the principal amount of the loan at the time of disbursement as payment for the interest accruing during the in-school and grace periods. The interest amount so deducted may not exceed the amount of interest that would accrue over the length of these periods or 12 months, whichever is less. The Lender will bill me periodically for interest accruing thereafter.

C. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan except that, if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any deferment period described under Section VII in this Note.

D. The Lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan in accordance with Federal regulations governing the GSLP as administered by PHEAA.

## IX. FORBEARANCE

Should I experience financial difficulties in meeting the repayment schedule, I may request and Lender may grant me a short period during which no payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

## X. REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their loans repaid by the U.S. Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P. L. 96-342, 10 U.S.C. 2141, note). Questions concerning the program should be addressed to: Commander, Military Personnel Center, DAPC-PLP, Alexandria, Virginia 22332.

## XI. TRANSFER OF NOTE

This Note may be transferred to a holder other than Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. Lender will notify me of any such transfer in writing.

## XII. CANCELLATION

The obligation to repay the loan evidenced by this Note shall be cancelled:
A. Upon submission to Lender of documentation of my death;
B. Upon the acceptance by PHEAA of the statement of a physician verifying my total and permanent disability;
C. Upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy, provided that notice to Lender and to PHEAA of the filing of bankruptcy is received in sufficient time to permit PHEAA to participate in the bankruptcy.

## XIII. DEFAULT

This Note may be declared in default and the whole outstanding principal balance plus any unpaid interest is due and payable at once if at any time it is determined that I have failed to make an installment payment when due, provided that my failure persists for (a) 120 days if payments are due in monthly installments, or (b) 180 days if payments are due in installments less frequently than monthly, or I have failed to meet other terms of this Note under circumstances where PHEAA finds it reasonable to conclude that I no longer intend to honor the obligation to repay. If I default, Lender will request PHEAA to purchase the loan, in which event I will owe the entire balance of the loan including interest directly to PHEAA. If I default on this loan, I am no longer eligible for the benefits described in Sections VII and VIII of this Note. If I fail to repay the loan evidenced by this Note, either Lender, PHEAA, or the Federal government may institute legal action to require me to repay the loan.

## XIV. CREDIT BUREAU NOTIFICATION

The Lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the Lender may disclose information about the status of this loan to any credit bureau. If I default on this loan, the Lender or PHEAA will report the default to credit bureau organizations. This may significantly and adversely affect my credit rating.

## XV. GENERAL

A. I shall receive an exact copy of this Note, the terms of which are to be interpreted in accordance with applicable Federal statutes and regulations regarding the GSLP. Lender will make copies of applicable laws and regulations available for me to inspect upon request.

B. I agree to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by me in attending an approved school. I further agree to observe and comply with all rules and regulations adopted by PHEAA relating to the GSLP and to advise PHEAA and Lender promptly in writing of any change in name, address, school enrollment or deferment status, as described in paragraph C of the Statement of Borrower's Responsibilities.

C. I hereby authorize Lender to make multiple disbursements of this loan, to make disbursements by check payable jointly to me and the school where I am enrolled, and to obtain information concerning my enrollment status and address from the school in which I am enrolled. The loan check will require my endorsement, but, unless I am attending a foreign school, the Lender may mail the check to the school.

D. I acknowledge that pursuant to the Act of August 7, 1963, P.L. 549, I am legally obligated to pay this Note even though I may be less than 18 or 21 years of age.

A. The maximum loan amounts per academic grade level are: undergraduate students—$2,500 and graduate students—$5,000. Aggregate loan amounts for undergraduate students may not exceed $12,500, and graduate students may borrow up to $25,000 (including loans obtained at the undergraduate level). These loan limits are subject to change at any time by Federal or State legislation or by PHEAA.

B. Consolidation or refinancing options may be available for GSLP and other educational loan programs. For further information, request PHEAA.

C. I should investigate the availability of other forms of financial aid with the school's financial aid administrator. It may be to my benefit to determine my eligibility for grant, work-study and other sources of assistance before accepting a student loan. I understand that receipt of a GSLP loan may eliminate or reduce any awards that I may receive from other programs.

D. The GSLP does not have provisions which enable this loan to be cancelled or forgiven in whole or in part for teaching or any other type of employment.

E. I am not required to provide security for this loan. The Lender may not require an endorser to sign the Promissory Note with Disclosure.

## STATEMENT OF BORROWER'S RESPONSIBILITIES

A. I must use care in choosing a school. Each school must provide a prospective student with information about the school and its programs. I will consider this information carefully before deciding to attend a specific school. I understand that PHEAA or the U.S. government does not vouch for the quality of a school or its programs.

B. I must repay the loan in accordance with the repayment schedule that will become effective at the time this Note becomes due.

C. I must notify the Lender promptly, in writing, if any of the following events occur before the loan is repaid: (a) my failure to enroll in school for the period for which the loan was intended; (b) my withdrawal from school or my attendance in school on less than a half-time basis; (c) my transfer from one school to another school; (d) my graduation from school; (e) a change in my name; and (f) a change of my address. I further understand that I am required to have the school verify any change in status.

If my Lender has any additional limitations, the Lender will provide me with a separate list of those limitations.

[Overlay stamp text:]
FOR VALUE RECEIVED, WE HEREBY ASSIGN ALL OUR
RIGHT, TITLE AND INTEREST IN THE WITHIN NOTE TO
PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY, WITHOUT RECOURSE
[signature] PHEAA
HELP EDUCATIONAL LOANS CENTER
HARRISBURG, PA 17108-????
PENDING OFFICIAL TITLE   DATE

GUARANTEED STUDENT LOAN PROGRAM
PROMISSORY NOTE WITH DISCLOSURE

Lender Loan No. 209777                                    2/28, 1985

**BORROWER:**

LELAND R. HARDY
3901 CONSHOHOCKEN AVE
PHILA, PA 19131

**LENDER: 821600**

MELLON BANK (EAST) N.A
PO BOX 8888
RTE 202 & NAAMANS RD
WILMINGTON, DE 19899

BORROWER SS# : 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
FILE NO. 850133-90

I, the undersigned (the borrower), for value received, promise to pay to the order of the Lender or to a subsequent holder of this Promissory Note all of the principal sum of $ **5000** to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of **8** percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal law and regulations for the collection of those amounts.
I understand that the following terms apply to this loan:

### I. INSURANCE PREMIUM
I will pay to Lender the insurance premium as shown in the Amount Disbursed section of this Note on the date of disbursement of the loan proceeds as payment for PHEAA's promise to the Lender to guarantee this Note. This insurance premium is 1/2 percent times the principal amount of the disbursement multiplied by the number of years from the estimated date of disbursement to the end of the grace period. In case of multiple disbursements, I will pay to Lender the premium for each disbursement when made. Payment for the premium may be withheld from the principal amount of the disbursement by Lender. If I repay this loan in full so that at least two years worth of insurance premium remains unused, the unused insurance premium will be rebated to me by PHEAA by the prorata method. If the loan disbursement check is returned uncashed to Lender, the full insurance premium is refundable.

### II. ORIGINATION FEE
I will pay to Lender a fee, authorized by Federal law, equal to 5 percent of the loan amount. The Lender may deduct this fee from the proceeds of the loan. If the Lender disburses the loan in multiple installments, the Lender may deduct this fee in an amount equal to 5 percent of the principal amount of each disbursement. I am entitled to a rebate of the origination fee under the following rules. If I return the Lender's check uncashed, a full refund of the origination fee will be made. In the situation where the check is not returned, no rebate will be given on cancellations or prepayments. If the origination fee was deducted from the principal, refunds must be credited against the account.

### III. COLLECTION CHARGES
I agree to pay the following amounts if delinquent in making payments when due or if this Note is declared in default:
A. A late charge of $5.00 or 5 percent of the payment due, whichever is less, for any payment not received by Lender within 10 days after it is due, unless documentation is provided of eligibility to have the payment deferred as described under Section VII in this Note.
B. Reasonable collection costs incurred by Lender in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and the costs of telegrams and long-distance telephone calls.
C. Collection costs which do not exceed 25 percent of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

### IV. PREPAYMENT
I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

### V. GRACE PERIOD
Repayment of this loan will not be required until after the applicable grace period has expired. The grace period will not commence so long as I maintain continuous attendance at an approved school at least on a half-time basis. However, during this grace period I may request in writing that the repayment period begin earlier.
A. If I have obtained a loan on which the interest rate is more than 7 percent per annum, I am entitled to a grace period of 6 months. If I at any time cease at least half-time attendance at an approved school for 6 consecutive months, my grace period will be used.
B. If I have obtained a loan on which the interest rate is 7 percent, I am entitled to a grace period of not less than 9 months and not more than 12 months. If I at any time cease at least half-time attendance at an approved school for 9 to 12 consecutive months, my grace period will be used.
For the purpose of this Note, an approved school or program is one approved by the United States Secretary of Education for participation in the Guaranteed Student Loan Program (GSLP).

### VI. REPAYMENT
A. **Commencement of Repayment.** I agree that at least 120 days prior to the expiration of the grace period, as set forth above, I will contact the Lender to establish a repayment schedule. I agree to sign PHEAA Form 600R to evidence the particular terms and conditions of repayment agreed upon between me and the Lender. Should I fail to attend an approved school on at least a half-time basis for the enrollment period covered by this loan, the full amount of this Note shall be immediately due and payable to the legal holder of this Note.

LENDER COPY

---

**LOAN GUARANTY**

A loan guaranty is approved as follows by the Pennsylvania Higher Education Assistance Agency (PHEAA) for the student referenced herein:

GUARANTY AMOUNT:     $5000
GUARANTY DATE:       02/11/85

SCHOOL: UNIV OF PENNA - 010881
ENROLLMENT PERIOD: 01/16/85 TO 12/22/85

ACADEMIC GRADE LEVEL: 2ND YR GRADUATE
EXPECTED GRADUATION DATE: 05/86

ELIGIBLE FOR INTEREST SUBSIDY
RENEWAL APPLICATION

With PHEAA's approval herein contained and the Lender's making of this loan, the repayment thereof will be guaranteed by PHEAA in accordance with the terms of The Loan Guaranty Agreement between PHEAA and the Lender.

12-1-86        _Kenneth R. Reeher_
                Kenneth R. Reeher
                EXECUTIVE DIRECTOR

### AMOUNT DISBURSED

| | First or Entire Disbursement | Second Disbursement | Third Disbursement | |
|---|---|---|---|---|
| Estimated Date of Disbursement: | 3-7-85 | | | Totals |
| Loan Amount | $ 5000.00 | $ | $ | |
| LESS: Insurance Premium | $ 43.33 | $ | $ | |
| LESS: Origination Fee | $ 250.00 | $ | $ | |
| EQUALS: Amount of Loan Check | $ 4706.67 | $ | $ | |

Interest Rate: 8.0 %

I HEREBY ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS NOTE, INCLUDING ALL THE DISCLOSURES AND THE BORROWER'S RIGHTS AND RESPONSIBILITIES; AND I HAVE RAISED ANY QUESTIONS IF NOT UNDERSTOOD

_Leland R. Hardy_ (SEAL)
SIGNATURE OF BORROWER

3/8/85
DATE

3901 Conshohocken Ave Lobby 7 #964
STREET ADDRESS

PHILA  PA  19131
CITY   STATE   ZIP CODE

1. If, during the grace period, I request in writing a repayment period shorter than 5 years, the Lender may grant me a shorter period. I may later choose to have the repayment period extended to 5 years.

2. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP or PLUS Program loans outstanding, we,—pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—GSLP and PLUS loans.

3. Any period described under Section VII in this Note or any period for which the Lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.

The terms for repayment set forth in this section are not applicable after this Note has been declared in default. Acceptance by Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of Lender's other rights as set forth in this Note.

## VII. DEFERMENT

Repayment of my loan will be deferred after the grace period expires or after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

A. While I am enrolled in—
1. Full-time study at a school approved for the GSLP (I must be a U.S. citizen or national to receive this deferment for study at a school located outside the U.S.);
2. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
3. A graduate fellowship program approved by the U.S. Secretary of Education; or
4. A rehabilitation training program for disabled individuals approved by the U.S. Secretary of Education.

B. For periods not exceeding 3 years for each of the following while I am—
1. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
2. Serving as a Peace Corps Volunteer;
3. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
4. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the U.S. Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs; or
5. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.

C. For a period not exceeding 2 years while I am serving in an internship that the U.S. Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.

D. For a single period not exceeding 1 year while I am conscientiously seeking but unable to find full-time employment in the U.S.

To be granted a deferment, I must provide the Lender with written evidence of my eligibility. I must subsequently notify the Lender as soon as the condition for which the deferment was granted no longer exists. The terms for deferment set forth in this section are not applicable after this Note has been declared in default.

## VIII. INTEREST

A. The U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period if it is determined that I qualify to have such payments made on my behalf under the Federal regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the Lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself by providing the Lender with a waiver of my right to have the Secretary pay the interest.

B. If it is determined that I do not qualify to have the Secretary pay the interest that accrues on this loan prior to the repayment period or if I choose to pay my own interest, Lender may deduct interest from the principal amount of the loan at the time of disbursement as payment for the interest accruing during the in-school and grace periods. The interest amount so deducted may not exceed the amount of interest that would accrue over the length of these periods or 12 months, whichever is less. The Lender will bill me periodically for interest accruing thereafter.

C. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan except that, if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any deferment period described under Section VII in this Note.

D. The Lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan in accordance with Federal regulations governing the GSLP as administered by PHEAA.

## IX. FORBEARANCE

Should I experience financial difficulties in meeting the repayment schedule, I may request and Lender may grant me a short period during which no payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

## X. REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their loans repaid by the U.S. Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P. L. 96-342, 10 U.S.C. 2141, note). Questions concerning the program should be addressed to: Commander, Military Personnel Center, DAPC-PLP, Alexandria, Virginia 22332.

## XI. TRANSFER OF NOTE

This Note may be transferred to a holder other than Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. Lender will notify me of any such transfer in writing.

## XII. CANCELLATION

The obligation to repay the loan evidenced by this Note shall be cancelled:
A. Upon submission to Lender of documentation of my death;
B. Upon the acceptance by PHEAA of the statement of a physician verifying my total and permanent disability;
C. Upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy, provided that notice to Lender and to PHEAA of the filing of bankruptcy is received in sufficient time to permit PHEAA to participate in the bankruptcy.

## XIII. DEFAULT

This Note may be declared in default and the whole outstanding principal balance plus any unpaid interest is due and payable at once if at any time it is determined that I have failed to make an installment payment when due, provided that my failure persists for (a) 120 days if payments are due in monthly installments, or (b) 180 days if payments are due in installments less frequently than monthly, or I have failed to meet other terms of this Note under circumstances where PHEAA finds it reasonable to conclude that I no longer intend to honor the obligation to repay. If I default, Lender will request PHEAA to purchase the loan, in which event I will owe the entire balance of the loan including interest directly to PHEAA. If I default on this loan, I am no longer eligible for the benefits described in Sections VII and VIII of this Note. If I fail to repay the loan evidenced by this Note, either Lender, PHEAA, or the Federal government may institute legal action to require me to repay the loan.

## XIV. CREDIT BUREAU NOTIFICATION

The Lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the Lender may disclose information about the status of this loan to any credit bureau. If I default on this loan, the Lender or PHEAA will report the default to credit bureau organizations. This may significantly and adversely affect my credit rating.

## XV. GENERAL

A. I shall receive an exact copy of this Note, the terms of which are to be interpreted in accordance with applicable Federal statutes and regulations regarding the GSLP. Lender will make copies of applicable laws and regulations available for me to inspect upon request.

B. I agree to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by me in attending an approved school. I further agree to observe and comply with all rules and regulations adopted by PHEAA relating to the GSLP and to advise PHEAA and Lender promptly in writing of any change in name, address, school enrollment or deferment status, as described in paragraph C of the Statement of Borrower's Responsibilities.

C. I hereby authorize Lender to make multiple disbursements of this loan, to make disbursements by check payable jointly to me and the school where I am enrolled, and to obtain information concerning my enrollment status and address from the school in which I am enrolled. The loan check will require my endorsement, but, unless I am attending a foreign school, the Lender may mail the check to the school.

D. I acknowledge that pursuant to the Act of August 7, 1963, P.L. 540, I am legally obligated to pay this Note even though I may be less than 21 years of age.

## REQUIREMENTS FOR A GSLP LOAN

A. The maximum loan amounts per academic grade level are: undergraduate students—$2,500 and graduate students—$5,000. Aggregate loan amounts for undergraduate students may not exceed $12,500, and graduate students may borrow up to $25,000 including any undergraduate amounts. These loan limits are subject to change at any time by Federal or State legislation or by PHEAA.

B. Consolidation or refinancing options may be available for GSLP and other educational loan programs. For further information contact PHEAA.

C. I should investigate the availability of other forms of financial aid with the school's financial aid administrator. It may be to my benefit to determine my eligibility for grant, work-study and other sources of assistance before accepting a student loan. I understand that receipt of a GSLP loan may eliminate or reduce any awards that I may receive from other programs.

D. The GSLP does not have provisions which enable this loan to be cancelled or forgiven in whole or in part for teaching or any other type of employment.

E. I am not required to provide security for this loan. The Lender may not require an endorser to sign the Promissory Note with Disclosure.

## STATEMENT OF BORROWER'S RESPONSIBILITIES

A. I must use care in choosing a school. Each school must provide a prospective student with information about the school and its programs. I will consider this information carefully before deciding to attend a specific school. I understand that PHEAA or the U.S. government does not vouch for the quality of a school or its programs.

B. I must repay the loan in accordance with the repayment schedule that the Lender will give me prior to the time this Note becomes due.

C. I must notify the Lender promptly, in writing, if any of the following events occur before the loan is repaid: (a) my failure to enroll in school for the period for which the loan was intended; (b) my withdrawal from school or my attendance in school on less than a half-time basis; (c) my transfer from one school to another school; (d) my graduation from school; (e) a change in my name; and (f) a change of my address. I further understand that PHEAA is required to have the School verify any change in status.

If my Lender has any additional limitations, the Lender will provide me with a separate statement of these limitations.

EXHIBIT B

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 of 2**

Leland R. Hardy
257 W. 137th St. Apt. 4
New York, NY 10030-2465
Account No: 180562275

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/09/07.

On or about 08/31/84, the borrower executed promissory note(s) to secure loan(s) of $5,000.00, from Girard Bank (Wilmington, DE) at 8.00 percent interest per annum. This loan obligation was guaranteed by The Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 01/01/87, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,318.90 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/18/98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $5,291.52 |
| Interest: | $8,278.14 |
| Total debt as of 04/09/07: | $13,569.66 |

Interest accrues on the principal shown here at the rate of $1.16 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/15/07

Name: Alberto Francisco
Senior Loan Analyst
Litigation

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 of 2**

Leland R. Hardy
257 W. 137th St. Apt. 4
New York, NY 10030-2465
Account No: ███

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/09/07.

On or about 03/08/85, the borrower executed promissory note(s) to secure loan(s) of $5,000.00, from Mellon Bank (Wilmington, DE) at 8.00 percent interest per annum. This loan obligation was guaranteed by The Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 01/01/87, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,318.90 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/18/98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $5,291.51 |
| Interest: | $8,278.14 |
| Total debt as of 04/09/07: | $13,569.65 |

Interest accrues on the principal shown here at the rate of $1.16 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/15/07

Name: Alberto Francisco
Loan Analyst
Litigation
Senior Loan Analyst